IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| J. William Smoak, III, and Smoak's Air Conditioning Co., Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Elizabeth Cangialosi; ADP TotalSource, Inc.; Automatic Data Processing, Inc.; Automatic Data Processing Insurance Agency, Inc.; *and* Aetna Life Insurance Company,<br><br>Defendants. | Civil Action No. 2:17-1709-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiffs' motion to reconsider the Court's order of July 24, 2017, which dismissed with prejudice Plaintiffs' claims against Defendants Elizabeth Cangialosi, ADP Totalsource, Inc., Automatic Data Processing, and Automatic Data Processing Insurance Agency, Inc. (collectively, the "ADP Defendants"). For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion to reconsider. The claims asserted in the complaint against the ADP Defendants remain dismissed with prejudice, but Plaintiffs may file an amended complaint asserting Employment Retirement Income Security Act of 1974 ("ERISA") claims against the ADP Defendants.

**I.    Legal Standard**

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins.*

-1-

*Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

## II. Discussion

Plaintiffs allege Defendants failed to pay death benefits for decedent Helen B. Smoak, who was an employee of ADP Totalsource, as agreed under a group life policy Aetna issued to ADP Totalsource. They filed suit in the Charleston County Court of Common Pleas on May 22, 2015. Defendants were served between May 30, 2017 and June 4, 2017, and this action was timely removed on June 29, 2017.

The complaint's allegations are as follows. The ADP Defendants quoted workers' compensation and other forms of coverage to Plaintiffs in late 2015 or early 2016, including a sales presentation. (Dkt. No. 1-1 ¶¶ 13–16.) The ADP Defendants specifically represented to Plaintiffs that Helen Smoak's age would not disqualify for a $300,000 death benefit. (Id. ¶ 22.) Plaintiffs agreed to purchase employee life insurance policies from the ADP Defendants. (*Id.* ¶ 18.) Ms. Smoak died in October 2016. (*Id.* ¶ 26.) Her designated beneficiary, Mr. Smoak, filed a claim "with Aetna and the ADP Defendants" but Aetna remitted only $60,000, not $300,000. (*Id.* ¶¶ 27–28.) "Upon inquiry by Mr. Smoak to Aetna and the ADP Defendants, they simply told him that coverage for Helen B. Smoak was reduced due to her age . . . ." (*Id.* ¶ 29.) Based on those allegation, Plaintiffs assert claims against all Defendants for promissory estoppel (alleging they relied on Defendants' representation about Ms. Smoak's eligibility for benefits), breach of contract

(alleging the agreed benefits were not paid), negligence (because Defendants' breached a duty of care to convey accurate information), negligent misrepresentation (alleging Defendants made false representations that they had a pecuniary interest in making, which Plaintiffs' relied upon), negligent supervision (alleging Ms. Cangialosi made false representations about the products she was selling), and bad faith refusal to pay benefits (alleging the agreed benefits were not paid).

On July 6, 2017, Defendants moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because ERISA preempts all Plaintiffs' state law claims and 29 U.S.C. § 1132 provides the exclusive remedy available to Plaintiffs. In response, Plaintiffs conceded their claims are preempted and ask for leave to amend the complaint to proceed under 29 U.S.C. § 1132. (Dkt. No. 9.) The Court then dismissed the complaint without prejudice as to Aetna and granted leave to file an amended complaint against Aetna.

Plaintiffs' claims against the ADP Defendants, however, were dismissed with prejudice because the Court ruled the ADP Defendants are not proper defendants in an ERISA action because they did not control the administration of the plan at issue. Plaintiffs move for reconsideration of the dismissal of the ADP Defendants with prejudice, arguing that if the ADP Defendants are not proper defendants in an ERISA action, then claims against the ADP Defendants cannot be preempted under ERISA. They seek remand of claims against the ADP Defendants to state court.

Plaintiffs' argument confuses complete preemption and conflict preemption, which is understandable because the Court's order of July 24, 2017 did not adequately address the distinction. A state-law claim for denial of benefits is subject to complete preemption under ERISA if it is capable of being characterized as a claim authorized by ERISA's civil enforcement provision, § 502, codified at 29 U.S.C. § 1132(a). *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003). Plaintiffs' claims against the ADP Defendants are not

completely preempted by ERISA because the ADP Defendants are not proper defendants for a § 1132(a) action. Claims that are not of a type authorized by § 1132(a) are subject to a conflict preemption analysis under ERISA § 514, codified at 29 U.S.C. § 1144(a). "Under ordinary or conflict preemption, state laws that conflict with federal laws are preempted, and preemption is asserted as a federal defense to the plaintiff's suit." *Id.* at 370–71 (internal quotation marks omitted). "Section 514 of ERISA defines the scope of ERISA's preemption of conflicting state laws: state laws are superseded insofar as they 'relate to' an ERISA plan." *Id.* at 371. "Congress intended to preempt at least three categories of state law under § 514: (1) laws that mandate employee benefit structures or their administration, (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practices, and (3) laws that provide alternative enforcement mechanisms to ERISA's civil enforcement provisions." *Darcangelo v. Verizon Commc'ns*, 292 F.3d 181, 190 (4th Cir. 2002). Where a state-law cause of action is subject to ERISA conflict preemption, dismissal with prejudice is appropriate. *See, e.g., Anderson v. Sara Lee Corp.*, 508 F.3d 181, 187 (4th Cir. 2007).

As a threshold matter, the Court determines removal jurisdiction exists because Plaintiffs' breach of contract claim, which seeks "to recover benefits due to [Plaintiff Smoak] under the terms of the plan," against Aetna is completely preempted. 29 U.S.C. § 1132(a)(1)(B); *see also* 28 U.S.C. § 1441(c)(1) (an action containing one federal question claim is removable in its entirety); *Darcangelo*, 292 F.3d at 195 (holding removal proper where a plaintiff asserted an ERISA plan administrator breached the plan agreement). The district court must sever and remand all claims not within the original or supplemental jurisdiction of the court. 29 U.S.C. § 1441(c)(2). But there appears to be no genuine dispute that all claims in this action "form part of the same case or controversy" because the only controversy in this case is the proper amount of Ms. Smoak's death

benefit under the plan (including the issue of whether the size of the benefit was misrepresented). *See* 28 U.S.C. § 1367(a) (supplemental jurisdiction exits over claims that form part of the same case or controversy as claims subject to original jurisdiction). Further, Plaintiffs never moved to remand.

The Court therefore considers whether each of Plaintiffs' claims against the ADP Defendants "relate to" an ERISA plan and are therefore subject to conflict preemption. Plaintiffs' claims for breach of contract and bad faith refusal to pay benefits are based on the allegation that agreed plan benefits were not paid. Those claims "relate to" the plan that allegedly was to provide those benefits because those claims seek to enforce the plan agreement through a mechanism alternative to ERISA's civil enforcement provision. *See Darcangelo*, 292 F.3d at 190, 192 ("The only question is whether [the plaintiff's] claims are brought as an alternative means of enforcing her rights under ERISA or the plan."). Plaintiffs' claims for promissory estoppel, negligence, negligent misrepresentation, and negligent supervision rest on the allegation that the size of the death benefit the plan would provide for Ms. Smoak was misrepresented. Those claims likewise "relate to" the plan that was allegedly misrepresented because those claims seek to enforce the plan agreement as allegedly represented through a mechanism alternative to ERISA's civil enforcement provision. *See Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) ("Generally speaking, ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan."); *see also, e.g., Hall v. Blue Cross/Blue Shield of Ala.*, 134 F.3d 1063, 1064–66 (11th Cir. 1998) (ERISA preempted claim that fraudulent misrepresentations regarding the scope of coverage induced plaintiff to enroll in her employer-provided health benefits plan); *Shea v. Esensten*, 107 F.3d 625, 627–28 (8th Cir. 1997) (ERISA preempted state-law claim for

"fraudulent nondisclosure and misrepresentation about [the plan's] doctor incentive programs" that "limited [the participant's] ability to make an informed choice about his life-saving health care"); *Muse v. Int'l Bus. Machs. Corp.*, 103 F.3d 490, 493 (6th Cir. 1996) (ERISA preempted claim that plaintiffs "would have chosen to participate in the superior benefit plan had IBM not negligently or intentionally misrepresented to [them] that no further early retirement plans would be offered"); *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 791 (1st Cir. 1995) (concluding that "ERISA preempts a state law claim of negligent misrepresentation against an employer based upon the employer's representations regarding the employee's prospective benefits under an early retirement program"); *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 8–10 (2d Cir. 1992) (ERISA preempted claim that plaintiff was induced to relocate based on his employer's false, oral representations regarding pension benefits). Plaintiffs' state-law claims against the ADP Defendants therefore are subject to conflict preemption under ERISA and to dismissal with prejudice.

Plaintiffs alternatively argue that the ADP Defendants should remain as parties under ERISA's remedial provision so complete relief can be granted. Plaintiffs argue that although they cannot seek benefits due under the plan from the ADP Defendants under § 1132(a)(1), they can seek equitable relief from the ADP Defendants under § 1132(a)(3), which provides that a beneficiary may bring suit "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." In some circumstances, parties who are not plan fiduciaries may be sued under § 1132(a)(3). *E.g.*, *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 241 (2000). The ADP Defendants respond that a claim under § 1132(a)(3) is available only when other adequate remedies

are not available. "[E]quitable relief will not normally be 'appropriate' if relief is available under another subsection of Section 502(a) [codified at 29 U.S.C. § 1132(a)]." *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 364 (4th Cir. 2015).

The Court at present cannot determine whether relief is available from Aetna under some other ERISA subsection, because Plaintiffs have not yet filed a complaint alleging any ERISA violations. Instead, Plaintiffs should be permitted to present ERISA claims against the ADP Defendants before the Court determines whether the adequacy of those claims. The Court therefore amends its order of July 24, 2017 to permit Plaintiffs to assert ERISA claims against the ADP Defendants in an amended complaint. If those ERISA claims are improper, the ADP Defendants may respond by moving to dismiss. Further, the Court resets the period for filing an amended complaint to 21 days from the date of this order. The state-law claims against the ADP Defendants asserted in the original complaint remain dismissed with prejudice.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to reconsider (Dkt. No. 12). The Court **AMENDS** its order of July 24, 2017 (Dkt. No. 10) to permit Plaintiffs to file an amended complaint asserting ERISA claims against all Defendants including the ADP Defendants by September 5, 2017.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 14, 2017
Charleston, South Carolina