IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| J. William Smoak, III, *and* Smoak's Air Conditioning Co., Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Elizabeth Cangialosi, ADP Totalsource, Inc., Automatic Data Processing, Inc., Automatic Data Processing Insurance Agency, Inc., *and* Aetna Life Insurance Company, <br><br> Defendants. | Civil Action No. 2:17-1709-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendants Elizabeth Cangialosi, ADP Totalsource, Inc., Automatic Data Processing, Inc., and Automatic Data Processing Insurance Agency, Inc.'s (collectively, the "ADP Defendants") motion to dismiss the amended complaint. For the reasons set forth below, the Court denies the motion.

**I.  Background**

Plaintiffs allege Defendants failed to pay death benefits for decedent Helen B. Smoak as agreed under a group life policy issued by Aetna. According to Plaintiffs, Smoak's Air Conditioning used ADP services for payroll processing. In late 2015 or early 2016, Defendant Elizabeth Cangialosi, an employee of one of the Defendant ADP entities, made a sales presentation to Plaintiffs regarding worker's compensation coverage. Plaintiffs agreed to purchase worker's compensation coverage and health insurance benefits from ADP entities. Plaintiffs further allege that during the process of converting their existing coverage, Ms. Cangialosi sold Plaintiffs executive life insurance covering Mr. Smoak's wife, Helen Smoak. Plaintiffs allege Ms. Cangialosi represented that Ms. Smoak would qualify for a $300,000 death benefit without any

reduction due to her age. Based on that representation, Plaintiff purchased from the ADP Defendants a life insurance policy issued by Defendant Aetna covering Ms. Smoak. Ms. Smoak died in October 2016. Aetna then provided a benefit payment of $60,000, not $300,000, stating that Ms. Smoak's coverage was subject to a reduction due to her age.

Plaintiffs filed suit in the Charleston County Court of Common Pleas on May 22, 2017. Defendants were served between May 30, 2017 and June 4, 2017, and this action was timely removed on June 29, 2017. The original complaint asserted various state-law causes of action against Defendants. Defendants moved to dismiss the complaint, arguing the Employment Retirement Income Security Act of 1974 ("ERISA") preempted all Plaintiffs' state-law claims and provided the exclusive remedy available to Plaintiffs. The Court granted the motions to dismiss but granted leave to file an amended complaint asserting claims under ERISA. On September 5, 2017, Plaintiffs filed an amended complaint. Aetna has answered the amended complaint; the ADP Defendants have moved to dismiss claims against them.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-

moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

The amended complaint asserts a single cause of action against the ADP Defendant under 29 U.S.C. §§ 1132(a)(3) & 1132(g). Title 29 U.S.C. § 1132(a)(3) is a "catchall" provision that provides "a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Under 29 U.S.C. § 1132(a)(3), "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." In *Harris Trust and Savings Bank v. Salomon Smith Barney*, the Supreme Court provided that non-fiduciaries can be liable as knowing participants in fiduciary breaches under 29 U.S.C. § 1132(a)(3). 530 U.S. 238, 246 (2000) (noting that 29 U.S.C. § 1132(a)(3) "admits of no limit . . . on the universe of possible defendants"); *see also Daniels v. Bursey*, 313 F.Supp.2d 790, 808 (N.D. Ill. 2004) (concluding that to state a claim under 29 U.S.C. § 1132(a)(3), "the plaintiff must allege only that a fiduciary violated a substantive provision of ERISA and the nonfiduciary knowingly participated

in the conduct that constituted the violation"). Title 29 U.S.C. § 1132(g) provides for the recovery of attorney's fees. Relief under 29 U.S.C. § 1132(a)(3), however, is limited to "other appropriate equitable relief." "[O]ther appropriate equitable relief" incorporates limits from the common law of trusts. *Harris Tr.*, 530 U.S. at 250. Typical equitable relief against a party that knowingly participates in a fiduciary breach would be an order requiring the party to return whatever plan assets it obtained in the transaction. *See, e.g., Landwehr v. DuPree*, 72 F.3d 726, 735 (9th Cir. 1995).

The ADP Defendants argue that claim should be dismissed for three reasons, none of which is persuasive. First, the ADP Defendants argue they may not be sued under 29 U.S.C. § 1132(a)(3) because they are not ERISA fiduciaries. (Dkt. No. 17-1 at 3–6.) The Supreme Court, however, has stated 29 U.S.C. § 1132(a)(3) "admits of no limit . . . on the universe of possible defendants." *Harris Tr.*, 530 U.S. at 246.

Second, the ADP Defendants argue relief under ERISA's catchall provision of 29 U.S.C. § 1132(a)(3) is unavailable to Plaintiffs because 29 U.S.C. § 1132(a)(1)(B) provides an adequate remedy. It is true that 29 U.S.C. § 1132(a)(3) is unavailable for claims seeking recovery of wrongfully denied benefits. *E.g., Korotynska v. Metropolitan Life Ins. Co.*, 474 F.3d 101, 106–07 (4th Cir. 2006). But whether adequate legal relief is available is not an issue ripe for adjudication at the pleading stage.

> When a matter is in the pleading stage, a plaintiff may plead alternative legal and equitable theories of relief because it is unclear which remedy will be supported by the evidence. A party must elect between inconsistent forms of relief when both forms of relief become ripe to choose between them. The axiomatic rule that equitable relief may not be granted when adequate legal relief exists does not affect the viability of either type of claim at the pleading stage

*The Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 777 F. Supp. 713, 718 (S.D. Ind. 1991), *opinion modified on denial of reconsideration sub nom. Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 796 F. Supp. 1164 (S.D. Ind. 1992).

Moreover, it is possible that ADP Defendants' alleged inequitable conduct does not make Aetna's application of an age reduction to Ms. Smoak's benefits the denial of "benefits due . . . under the terms of [the] plan." The Fourth Circuit has held ERISA preempts claims seeking to enforce representations made regarding the establishment of a benefit plan. *See Elmore v. Cone Mills Corp.*, 23 F.3d 855, 863 (4th Cir. 1994); *see also Hobson v. Robinson*, 75 F. App'x 949, 954 n.9 (5th Cir. 2003) (collecting cases showing a circuit split on whether ERISA preempts state-law misrepresentation claims against insurance agents). But that does not mean Plaintiffs have no remedy for alleged misrepresentations. Title 29 U.S.C. § 1132(a)(3) provides for equitable relief to redress any act which violates any ERISA provision, including ERISA's reporting and disclosure requirements. *E.g.*, 29 U.S.C. §§ 1021, 1022, 1102. It is not certain that Plaintiffs have an adequate remedy under ERISA without resort to that catchall provision.

Third, the ADP Defendants argue that payment of money is not a remedy available in equity. (*See* Dkt. No. 17-1 at 8–9.) That argument is without merit. Although money damages are considered a legal remedy, not an equitable one, many equitable remedies may require a party to remit money to another party—*e.g.*, quantum meruit, restitution and disgorgement, and constructive trust. Again, whether Plaintiffs ultimately have a remedy in equity is not a question the Court will decide at the pleading stage.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the ADP Defendant's motion to dismiss (Dkt. No. 17).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 5, 2017
Charleston, South Carolina