| | |
|---|---|
| J. William Smoak, III, *and* Smoak's Air Conditioning Co., Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Elizabeth Cangialosi, ADP Totalsource, Inc., Automatic Data Processing, Inc., Automatic Data Processing Insurance Agency, Inc., *and* Aetna Life Insurance Company, <br><br> Defendants. | Civil Action No. 2:17-1709-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendants Elizabeth Cangialosi, ADP Total Source, Inc., Automatic Data Processing, Inc., and Automatic Data Processing Insurance Agency's (collectively, the "ADP Defendants") motion for reconsideration of the Court's order of October 6, 2017 denying the ADP Defendants' motion to dismiss. For the reasons set forth below, the Court denies the motion.

## I. Background

Plaintiffs allege Defendants failed to pay death benefits for decedent Helen B. Smoak, who was an employee of ADP TotalSource, as agreed under a group life policy Aetna issued to ADP TotalSource. In late 2015 or early 2016, Defendant Elizabeth Cangialosi, an employee of one of the ADP Defendant entities, made a sales presentation to Plaintiffs regarding worker's compensation coverage. Plaintiffs agreed to purchase worker's compensation coverage and health insurance benefits from ADP entities. Plaintiffs allege that during the process of converting their existing coverage, Ms. Cangialosi sold Plaintiffs executive life insurance covering Mr. Smoak's wife, Helen Smoak. Plaintiffs allege Ms. Cangialosi represented that Ms. Smoak would qualify

-1-

for a $300,000 death benefit without any reduction due to her age. Based on that representation, Plaintiff purchased from the ADP Defendants a life insurance policy issued by Defendant Aetna covering Ms. Smoak. Ms. Smoak died in October 2016. Aetna then provided a benefit payment of $60,000, not $300,000, stating that Ms. Smoak's coverage was subject to a reduction due to her age.

On October 6, 2017, the Court denied the ADP Defendants' motion to dismiss. The ADP Defendants have moved for reconsideration of that order, arguing the Court did not address its argument that ADP TotalSource is the only ADP Defendant that is a proper Defendant in this action, because ADP TotalSource (through a subsidiary) was Ms. Cangialosi's employer, because there is no dispute that she acted within the scope of her employment at all relevant times, and because ADP TotalSource was the plan sponsor.

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

## III. Discussion

The Court has reviewed the ADP Defendants' memorandum in support of their motion to dismiss. Therein, there is an argument contained in a footnote that "even if Plaintiffs' claim against ADP Defendants is not subject to dismissal in its entirety, all ADP Defendants except TotalSource are not proper party defendants in this matter and should be dismissed." (Dkt. No. 17-1 at 2 n.1.) The footnote also contains a stipulation that Ms. Cangialosi was employed by ADP TotalSource, although the ADP Defendants now stipulate that Ms. Cangialosi was in fact employed by a subsidiary of ADP TotalSource. (*Compare id. with* Dkt. No. 25 ¶ 5.) The Court's order of October 6, 2017 did not address that footnote, so the Court addresses it now.

The Court is sympathetic to Defendants' desire to excuse what they believe to be improper Defendants from this action. The Court recognizes that the ADP Defendants have superior knowledge of the relationship between Ms. Cangialosi and the ADP entities and the Court does not doubt the sincerity of the ADP Defendants' stipulation that ADP TotalSource is the proper Defendant. But the ADP Defendants essentially ask the Court to grant judgment on the pleadings based on a stipulation Plaintiffs dispute. The Court cannot do that. Summary judgment is the proper procedure when a "moving party demonstrates, through 'particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, *stipulations* . . . admissions, interrogatory answers, or other materials,' that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Pasternak & Fidis, P.C. v. Recall Total Info. Mgmt., Inc.*, 95 F. Supp. 3d 886, 910 (D. Md. 2015) (quoting Fed. R. Civ. P. 56(a), (c)(1)(A)) (emphasis added).

The ADP Defendants' should provide Plaintiffs discovery relevant to this issue and obtain their consent to the dismissal of the ADP Defendants other than ADP TotalSource. The Court sees no reason why that discovery should be "costly and time-consuming." (*See* Dkt. No 29.)

Presumably, ADP—one of the largest human resource outsourcing firms in the world—can easily produce basic employment records regarding a single employee. If, after providing such discovery, the ADP Defendants are unable to obtain consent, they may move for summary judgment on the issue and provide the Court documents relevant to the issue in accordance with Rule 56(c)(1) of the Federal Rules of Civil Procedure.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the ADP Defendants' motion for reconsideration (Dkt. No. 25).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 17, 2017
Charleston, South Carolina